BURDINE *v.* BURDINE.

No. 41194          June 1, 1959          112 So. 2d 522

*Eaton, Cottrell & Galloway,* Gulfport, for appellant.

*Howard A. McDonnell,* Biloxi, for appellee.

GILLESPIE, J.

Appellee filed his bill against appellant for a divorce. The sole ground therefor was: "Pregnancy of the wife by another person at the time of the marriage, if the husband did not know of such pregnancy." (Section 2735, Mississippi Code of 1942). The bill showed that appellee had sexual relations with his wife before marriage and he knew before he married her that appellant was pregnant; but he charged that prior to the marriage appellant had led him to believe that she was pregnant by appellee when in fact she was pregnant by another person, a fact appellee learned after the marriage.

Appellant, in her answer, included a paragraph which she called a special plea, in which she asserted that appellee could not maintain the divorce action on the stated ground even if she were pregnant by another person (which she denied) because the appellee knew of such pregnancy. This so-called special plea was heard in advance of trial on the merits and was overruled by the court. An interlocutory appeal was allowed.

Pleas in chancery were abolished by Section 1290, Mississippi Code of 1942. We treat what appellant call-

ed a special plea as a general demurrer, since it raised the question of whether appellee could maintain the action on the averments of his bill.

The action of the lower court in overruling what in fact was a demurrer raises the question whether in a divorce case where the only ground for divorce is "pregnancy of the wife by another person at the time of the marriage, if the husband did not know of such pregnancy," the action is maintainable when the complaining husband had had premarital sexual relations with the defendant and knew before the marriage that she was pregnant, and where the complaining husband was led to believe that the defendant was pregnant by him when in fact she was pregnant by another.

In Divorce and Separation in Mississippi, Amis, Section 58, page 93, it is said, in discussing this ground for divorce, that, "It follows that if he was the father of such child, or if he knew of her pregnancy at the time of the marriage, he has no cause of complaint and no ground for a divorce. Likewise if he had sexual relations with her before marriage, his knowledge of her unchastity puts him on his guard to ascertain whether or not she was pregnant at the time of her marriage. Besides in such a case, the court will not concern itself with an inquiry as to whether the husband or someone else was the father of the child. Having married her with knowledge that she was unchaste he must take the risk and is bound by his bargain."

In discussing the proof required in such cases, the same authority, Section 59, page 94, says: "In addition, the proof must further show that the husband did not have sexual intercourse with the wife before the marriage; because if he did the divorce must be denied." And in Section 158, page 209, Id., it is said that," . . . . or if at the time of the marriage the husband knows or has reason to suspect that his wife is pregnant, he. . . . . takes the risks incident to such a marriage and may not

be heard to complain thereafter on account of any such known fact.''

There is a conflict in the authorities on the subject. See Bunkley and Morse's Amis on Divorce and Separation in Mississippi, wherein there has been some changes in the text from the original work.

■■ ■ Our Court has not passed on the precise point, but the general rule seems to be, as stated in an annotation in 15 A. L. R. 2d 670, that ''where the parties have had sexual relations prior to marriage, it has been held in a majority of the cases in which a divorce has been sought on the ground of premarital pregnancy, either unknown to the plaintiff, or where he has been falsely led to believe that he is the father of the expected child, that no divorce will be granted.'' See 17 Am. Jur., Divorce and Separation, Section 145, page 353.

We have weighed the considerations involved: Those which tend toward the allowance of the action by the husband under the circumstances here involved, and those which tend to deny it. We are of the considered opinion that the denial of the right will best serve the interests of society. We hold that the lower court was in error in its ruling and it is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.